

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 50539 | DATE | 2/9/2004 |
| CASE TITLE | U.S.A. vs. MERAZ-VIRRUETA | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the section 2255 motion is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 10 2004 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. ✓ | | 2-10-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Manuel Meraz-Virrueta, a federal prisoner convicted of aggravated illegal reentry by an alien, 8 U.S.C. § 1326(a), filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 contending: (1) the government breached the plea agreement when his sentencing range was increased by the probation officer adding two additional points for his criminal history not contained in the plea agreement and which the government should have been aware of; and (2) his same counsel at trial and on his direct appeal was ineffective for failing to explain his rights to challenge the probation officer's criminal history calculations. This § 2255 motion, however, is directly contrary to a waiver provision in his written plea agreement wherein he expressly waived his right to a direct appeal and "to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255." Such waivers are enforceable with the limited exception (not claimed here) that it does not apply to a claim of involuntariness or ineffective assistance of counsel that relates directly to this waiver or its negotiation. See Mason v. United States, 211 F.3d 1065 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142 (7th Cir. 1999).

As thoroughly documented in the government's response brief, petitioner voluntarily and knowingly waived his right to collaterally attack his sentence in his plea agreement and during his guilty plea colloquy, and further voiced no objection to the probation officer's guideline calculations and factual findings at his sentencing hearing after being questioned by the court. Unfortunately, such plea agreements with a clause not to appeal or assert collateral relief are often broken by a defendant, and the government and this court must spend time and resources to respond to knowingly and voluntarily waived claims. Defendants act at their peril in breaching a plea agreement as the court at the request of the government could vacate the sentence and a defendant could potentially incur a greater sentence on resentencing where the government not being bound by the breached plea agreement could recommend a greater sentence. Even were this court to review the merits of the two claims asserted by petitioner, there was neither a breach of the plea agreement by the government nor was petitioner denied the effective assistance of counsel as more than adequately pointed out by the government in its response brief. The § 2255 motion is denied.